| | |
|---|---|
| ABRAHAM JAMES,<br><br>      Plaintiff,<br><br>    v.<br><br>DOUG MERITT and TREY TAYLER,[1]<br><br>      Defendants. | Case No. 3:24-cv-00156-SLG |

## ORDER OF DISMISSAL

On July 16, 2024, self-represented prisoner Abraham James ("Plaintiff") filed a civil rights complaint under 42 U.S.C. § 1983, a prison account statement, and a civil cover sheet.[2] Although he included the prison account statement for the last six months,[3] he has not filed a completed application to proceed without paying the filing fee. Therefore, this action is deficient.[4] Ordinarily, the Court would accord Plaintiff time to cure the deficiency. However, upon review, the Court finds this case must be dismissed with prejudice because the named Defendants are

---

[1] Although Plaintiff named "Trey Taylor" as a defendant, it appears he intended to name Alaska Attorney General Treg Taylor.

[2] Dockets 1–2.

[3] Docket 1-2.

[4] Local Civil Rule 3.1. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (the $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

immune from suit, and Plaintiff's claims would be more appropriately pursued through a writ of habeas corpus under 28 U.S.C. §2254 ("Section 2254").

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[5]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)  is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[8]

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 2 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 2 of 10

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

## DISCUSSION

### I. Summary of Plaintiff's Claims

Plaintiff claims Assistant Public Defender Doug Meritt and Alaska Attorney General Treg Taylor ("Defendants") violated his right to be free from cruel and unusual punishment.[13] With the Complaint, Plaintiff submitted a copy of an

---

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[13] Docket 1 at 3-4.

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 3 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 3 of 10

application for post-conviction relief on the state court's form with several documents that appear to have been filed in or intended for the state trial court.[14]

In the supporting narrative for both claims, Plaintiff refers to a "Mr. Easton" who appears to have represented Plaintiff at his criminal trial.[15] Although Plaintiff alleges cruel and unusual punishment, he appears to be collaterally attacking his criminal conviction. He claims his due process rights were violated, he wasn't read his *Miranda* rights, he was coerced into making a false confession, and he objects to evidence presented and other events that occurred during his trial. For relief, Plaintiff seeks damages in the amount of $250 million, punitive damages in the amount of $250 million, and an order requiring defendants to be summoned to court.[16] Plaintiff also wrote "Administration Rule 12" and "No defendants remain unsurve [sic] under 1983."[17] On the civil cover sheet, he claims Defendants committed trial fraud, were negligent, and withdrew an appeal of his case.[18]

## II. Civil Rights versus Habeas Corpus Actions

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[19] Claims

---

[14] Docket 1-1.

[15] Docket 1 at 3-4; Docket 1-1 at 2.

[16] Docket 1 at 6.

[17] Docket 1 at 8.

[18] Docket 2.

[19] See *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 4 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 4 of 10

challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions.[20] If a prisoner seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus.[21]

When a prisoner's Section 1983 complaint, "evidence[s] a clear intention to state a habeas claim," a federal court should treat it as such.[22] However, the Supreme Court has warned courts to avoid a recharacterization that may disadvantage a prisoner by, for example, subjecting the petitioner to restrictions on second or successive habeas petitions.[23] Additionally, habeas cases have strict procedural requirements; and a state prisoner's federal habeas petition must be dismissed if the prisoner has not exhausted all available state remedies.[24]

Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional claims to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal

---

[20] *Id.* at 934.

[21] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[22] *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995).

[23] *Castro v. United States*, 540 U.S. 375, 382 (2003). *See also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so would be to the prisoner's disadvantage).

[24] *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 5 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 5 of 10

rights.[25] To satisfy the "fairly present" requirement, a petitioner must present his federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each state court is alerted to the federal nature of the claim.[26] In Alaska, this means that federal constitutional claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be presented to the Alaska Court of Appeals, and if the petitioner disagrees with that result, the claim must then be raised in a petition for hearing to the Alaska Supreme Court.[27] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[28]

According to the available state court records, Plaintiff has an ongoing post-conviction relief case in state court regarding the same criminal conviction he challenges in this case.[29] Because Plaintiff has not exhausted his state court remedies, the Court declines to automatically recharacterize this case as a habeas

---

[25] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

[26] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365-66.).

[27] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[28] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[29] *See In re James,* Case No. 4BE-23-00131CI.

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 6 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 6 of 10

case. Should Plaintiff choose to proceed with a Section 2254 petition in the future, he must first exhaust his state court remedies. Additionally, the proper respondent in a habeas case is the person who has custody over the petitioner, such as the superintendent of the facility where he is confined.[30]

### III.  Cruel and Unusual Punishment

The Eighth Amendment imposes certain duties on prison officials: (1) to provide humane conditions of confinement; (2) to ensure that inmates receive adequate food, clothing, shelter and medical care; and (3) to "take reasonable measures to guarantee the safety of the inmates."[31] The protections of the Eighth Amendment are "reserved for 'those convicted of crimes' ...."[32] and "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."[33] The Eighth Amendment is concerned with preventing inhumane treatment and upholding civilized standards of decency and humanity, not merely with the state of being

---

[30] *Rumsfeld v. Padilla,* 542 U.S. 426, 434-435 (2004). *See also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[31] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

[32] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). *see also Byrd v. Maricopa Cnty. Bd. of Supervisors,* 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, not the Eighth Amendment governs cruel and unusual punishment claims of pretrial detainees.").

[33] *Rhodes v. Chapman,* 452 U.S. 337 (1981).

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 7 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 7 of 10

incarcerated.[34] And as explained above, a plaintiff may not bring a civil rights case to challenge his conviction or sentence. Therefore, Plaintiff cannot pursue his Eighth Amendment claims in this case.

### IV.    Plaintiff Names Improper Defendants

Plaintiff names Alaska Attorney General Treg Taylor and Assistant Public Defender Douglas Merritt as Defendants.[35] Prosecuting attorneys who act within the scope of their duties are immune from suits brought for damages under Section 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' "[36] This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent.[37] Further, an attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor,"[38] an essential element of a Section 1983 claim. Therefore, even if Plaintiff intends to pursue his claims under Section 1983, his claims against

---

[34] *Cf. Nielsen v. Thornell,* 101 F.4th 1164, 1174 (9th Cir. 2024) ("vague allegations of humiliation" and "allegations of an intangible offense to dignity…cannot support an Eighth Amendment claim.").

[35] Although Plaintiff mentions another public defender in his narrative, he has not properly named him as a defendant because he did not name him in the case caption. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

[36] *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

[37] *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).

[38] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 8 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 8 of 10

the attorney general and public defender are barred or fail to state a cognizable claim.

## V. Service of Summons and Complaint

Plaintiff's requests for summonses do not comply with the Federal Rules of Civil Procedure or the Local Civil Rules. Further, when a prisoner is self-represented, the complaint must not be served on any opposing party until the Court so orders. Here, as stated above, Plaintiff has named improper defendants and does not state a plausible claim upon which relief could be granted. Therefore, the Complaint is dismissed and need not be served upon any defendants. For the reasons explained above, the Court finds amendment would be futile and will not accord Plaintiff leave to file an amended complaint.[39] Therefore, this case is dismissed with prejudice, meaning Plaintiff may not pursue the same claims against Defendants Treg Taylor or Doug Merritt in the future. Plaintiff may however pursue a habeas action as appropriate.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED with prejudice**.

2. The Court finds amendment would be futile.

---

[39] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction).

Case No. 3:24-cv-00017-SLG, *James v. Meritt, et al.*
Order of Dismissal
Page 9 of 10
Case 3:24-cv-00156-SLG   Document 4   Filed 09/20/24   Page 9 of 10

3. This dismissal does **not** count as a "strike" under 28 U.S.C. § 1915(g).[40]

4. All pending motions are **DENIED as moot.**

5. The Clerk shall issue a final judgment and close this case.

DATED this 19th day of September, 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[40] Although the Court declines to recharacterize this case as a habeas action, it is clear Plaintiff's intent is to challenge his criminal conviction. Therefore, the Court will not count this dismissal as a strike. *See Washington v. Los Angeles Cnty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016) (a habeas action is not a civil action within the purview of the Prison Litigation Reform Act (PLRA) three-strike provision because it operates to challenge the validity of a criminal proceeding, and its dismissal does not trigger a strike).